UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NYASIA PEREIRA, | No.  2:22–cv–0073–KJM–KJN PS |
| Plaintiff, | |
| v. | ORDER |
| UNITED STATES OF AMERICA, | (ECF No. 2) |
| Defendant. | |

Plaintiff, who is proceeding without counsel in this action, requests leave to proceed in forma pauperis ("IFP").[1]  (ECF No. 2.)  See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees).  Because the IFP application is incomplete, the court denies plaintiff's IFP request for now but allows plaintiff to re-submit a complete application within 30 days.  Further, because plaintiff's complaint contains no factual allegations, plaintiff shall also have 30 days to file an amended complaint.

///

///

///

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21).  See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

On January 11, 2022, plaintiff filed with the court two mostly blank forms: an IFP application and a form civil complaint.  (ECF Nos. 1, 2.)  Plaintiff must provide more information on both forms in order to proceed with this case.

**I.      IFP Application**

The IFP statute permits the court to commence an action without prepayment of filing fees for "a person who submits an affidavit that includes a statement of all assets such [person] possesses," demonstrating "that the person is unable to pay such fees."  28 U.S.C. § 1915(a).  This court's IFP application form therefore lists several sections for applicants to describe their income, assets, expenses, and debts for the court's consideration.

The IFP application plaintiff filed contains answers to only one of the questions listed on the form.  (ECF No. 2 at 1, listing $0 in gross and take-home wages.)  Every other section is blank, save for the date and signature lines.  Because plaintiff did not answer several critical questions about whether she received any income or other funds over the past twelve months (question 3), or any of the questions regarding her assets, expenses, and debts (questions 4–8), the court is unable to evaluate plaintiff's application.

Accordingly, plaintiff's IFP application is denied for now, although plaintiff may re-submit a complete application within 30 days of this order.

**II.     The Complaint**

**Legal Standards**

Under the IFP statute, the court must screen the complaint and dismiss any claims that are "frivolous or malicious," fail to state a claim on which relief may be granted, or seek monetary relief against an immune defendant.  28 U.S.C. § 1915(e)(2).  Further, the federal court has an independent duty to ensure it has subject matter jurisdiction in the case.  See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).

Rule 8(a) of the Federal Rules of Civil Procedure requires that a pleading be "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief."  Each allegation must be

simple, concise, and direct.  Fed. R. Civ. P. 8(d)(1).

A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to allege a cognizable legal theory.  Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015).  To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, relief cannot be granted for a claim that lacks facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986).  The court is not, however, required to accept as true "conclusory [factual] allegations that are contradicted by documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations."  Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).

In addition, the court must dismiss a case if, at any time, it determines that it lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).  A federal district court generally has jurisdiction over a civil action when (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.  See 28 U.S.C. §§ 1331, 1332(a).

Pleadings by self-represented litigants are liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).  Unless it is clear that no amendment can cure the defects of a complaint, a self-represented

plaintiff proceeding IFP is ordinarily entitled to notice and an opportunity to amend before dismissal.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez, 203 F.3d 1122; Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984).  Nevertheless, leave to amend need not be granted when further amendment would be futile.  See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

**Analysis**

The complaint plaintiff filed contains far too little information to state a claim for relief, and it appears that plaintiff is attempting to sue an immune defendant.  Plaintiff must address both problems in order to move forward with this suit in this court.

*1. **Insufficient Statement of the Claim***

The biggest problem is that the complaint does not give any description at all of the events giving rise to this suit.  Rule 8 requires a "short and plain statement" of (1) the grounds for the court's jurisdiction and (2) the claim showing that plaintiff is entitled to relief.  Fed. R. Civ. P. 8(a); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (purpose of these pleading requirements is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (cleaned up)).

Like the IFP application, plaintiff's form complaint is mostly blank.  Plaintiff simply lists her address,[2] the name of the sole defendant ("United States Federal Government"), and then references the Fourteenth Amendment in two locations.  (ECF No. 1 at 1-4.)  Plaintiff asserts federal question jurisdiction under the "14th Amendment," and as her Statement of Claim, plaintiff writes "Violation of 14th Amendment."  (Id. at 3-4.)  The complaint does not include any other information, and the attached civil cover sheet simply repeats the Fourteenth Amendment reference, while indicating that this is meant to be a civil rights suit.  (ECF No. 1.1.)  The complaint neither describes what happened to plaintiff to violate her Fourteenth Amendment rights, nor states what relief plaintiff is seeking in this suit.  (See ECF No. 1 at 4.)

---

[2] Plaintiff provides an address of 6400 Folsom Blvd., which appears to be a large apartment complex.  As ordered below, plaintiff must provide any applicable apartment or unit number on future filings in order to ensure receipt of communications and orders from the court.

This basic information is required to satisfy Rule 8, and to avoid dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2).  Any amended complaint must specify what happened to plaintiff, when it happened, who was involved, how plaintiff was harmed, and what damages or other relief plaintiff is seeking through this suit.  Plaintiff is welcome to use additional pages to explain these details, beyond the space provided in the complaint form; however, the statement of the claim should be kept relatively "short."

### 2. *Sovereign Immunity*

The other problem with the complaint is that it appears plaintiff is seeking to sue an immune defendant:  the United States.  The complaint lists the sole defendant as the "United States Federal Government."  (ECF No. 1 at 1, 2.)

Claims against the United States and its agencies are generally barred by the doctrine of sovereign immunity.  See United States v. Mitchell, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.").  In order to assert a claim against the United States, the claimant "has the burden of 'demonstrating an unequivocal waiver of immunity.'"  United States v. Park Place Assocs., Ltd., 563 F.3d 907, 924 (9th Cir. 2009) (quoting Cunningham v. United States, 786 F.2d 1445, 1446 (9th Cir. 1986)).

Although it is unknown what precise claim plaintiff is asserting, or what relief she seeks, plaintiff clearly invokes the Fourteenth Amendment of the U.S. Constitution as the basis for this suit.  However, "the United States has not waived its sovereign immunity in actions seeking damages for constitutional violations."  Thomas–Lazear v. F.B.I., 851 F.2d 1202, 1207 (9th Cir. 1988).  Thus, plaintiff cannot bring a Fourteenth Amendment claim against the United States, or against a federal agency or federal officials in their official capacity.  See Sierra Club v. Whitman, 268 F.3d 898, 901 (9th Cir. 2001) (treating suits against federal agencies and officials in their official capacity the same as suits against the United States).

Still, plaintiff could conceivably proceed with what is known as a "Bivens" claim seeking damages against an *individual officer or employee* of the federal government, in their *individual* capacity, for deprivation of constitutional rights.  See Bivens v. Six Unknown Named Agents of

5

<u>Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971); <u>F.D.I.C. v. Meyer</u>, 510 U.S. 471, 484-86 (1994) (holding that <u>Bivens</u> action lies against federal agents, but not federal agencies).

Plaintiff will therefore be granted leave to amend the complaint to assert a cause of action against a federal agent or other individual government employee—as opposed to the United States itself.  Again, plaintiff is reminded that any amended complaint must assert with some degree of specificity what overt acts that individual government agent or employee engaged in, and how they harmed plaintiff.  See Fed. R. Civ. P. 8(a); <u>Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.</u>, 637 F.3d 1047, 1058 (9th Cir. 2011) (a complaint violates Rule 8 if a defendant would have difficulty understanding and responding to the complaint); <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).  In addition, plaintiff must identify what specific Fourteenth Amendment right(s) of hers were allegedly violated.

### **Leave to Amend**

In light of plaintiff's self-represented status, and because it is at least conceivable that plaintiff could allege facts to invoke this court's jurisdiction and potentially state a claim, the court grants plaintiff an opportunity to amend the complaint.  See <u>Lopez</u>, 203 F.3d at 1130 ("leave to amend should be granted if it appears at all possible that the plaintiff can correct the defect") (cleaned up).

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make the first amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint, and once the first amended complaint is filed, the original complaint no longer serves any function in the case.

Finally, nothing in this order requires plaintiff to file a first amended complaint.  If plaintiff determines that she is unable to amend the complaint in compliance with the court's order, she may alternatively file a notice of voluntary dismissal of her claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

///

///

6

1

**ORDER**

2      Accordingly, IT IS HEREBY ORDERED that:

3      1.  Plaintiff's incomplete application to proceed in forma pauperis (ECF No. 2) is DENIED

4          without prejudice;

5      2.  **Within 30 days** of this order, plaintiff shall file

6              a.   a fully completed in forma pauperis application; and

7              b.   a first amended complaint addressing the defects identified in this order;

8      3.  Any further filings shall specify plaintiff's complete mailing address, including any

9          apartment/unit number, to ensure successful receipt of the court's orders;

10     4.  If plaintiff determines that she is unable to amend the complaint in compliance with this

11         order, she may alternatively file a notice of voluntary dismissal of the action; and

12     5.  Failure to timely comply with this order will result in a recommendation that the action be

13         dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

14  Dated:  February 2, 2022

15

16  KENDALL J. NEWMAN
    UNITED STATES MAGISTRATE JUDGE

17

18  pere.0073

19

20

21

22

23

24

25

26

27

28

7