UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NYASIA PEREIRA, | No. 2:22–cv–0073–KJM–KJN PS |
| Plaintiff, | |
| v. | ORDER |
| UNITED STATES OF AMERICA, | (ECF No. 5) |
| Defendant. | |

Plaintiff, who is proceeding without counsel in this action, again requests leave to proceed in forma pauperis ("IFP").[1] (ECF No. 5.) See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees). The court found plaintiff's original complaint unsuitable for service, explained the defects in that complaint, and granted leave for plaintiff to amend. (ECF No. 3.) The court also denied without prejudice plaintiff's prior request to proceed IFP due to failure to complete the necessary portions of the form affidavit. (Id.)

Plaintiff renews her IFP application and files an amended complaint which is now before the court for re-screening under 28 U.S.C. § 1915(e)(2)(B). (ECF Nos. 4, 5.) Because plaintiff's affidavit makes the required financial showing, plaintiff's IFP request is granted. However,

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21). See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

1

because the amended complaint does not cure the previously identified defects, it is still not suitable for service; and the court grants plaintiff one more opportunity to amend.

**Legal Standards**

Under the IFP statute, the court must screen the complaint and dismiss any claims that are "frivolous or malicious," fail to state a claim on which relief may be granted, or seek monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2). Further, the federal court has an independent duty to ensure it has subject matter jurisdiction in the case. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).

Rule 8(a) of the Federal Rules of Civil Procedure requires that a pleading be "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Each allegation must be simple, concise, and direct. Fed. R. Civ. P. 8(d)(1).

A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to allege a cognizable legal theory. Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015). To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, relief cannot be granted for a claim that lacks facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986). The court is not, however, required to accept as true

"conclusory [factual] allegations that are contradicted by documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations." Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).

In addition, the court must dismiss a case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). A federal district court generally has jurisdiction over a civil action when (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a).

Pleadings by self-represented litigants are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a self-represented plaintiff proceeding IFP is ordinarily entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez, 203 F.3d 1122; Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984). Nevertheless, leave to amend need not be granted when further amendment would be futile. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

**Analysis**

Despite this court's detailed explanation of the need for plaintiff to correct two major problems with the original complaint (ECF No. 3 at 4-6), the amended complaint looks almost identical to the original. The amended complaint still (1) contains far too little information to state a claim for relief, and (2) attempts to sue an immune defendant. The court reiterates its prior analysis and provides plaintiff this final opportunity to address both problems if she wishes to proceed with this case.

    *1. Insufficient Statement of the Claim*

As before, the biggest problem is that the amended complaint does not give any description at all of the events giving rise to this suit. Rule 8 requires a "short and plain statement" of (1) the grounds for the court's jurisdiction and (2) the claim showing that plaintiff is

entitled to relief. Fed. R. Civ. P. 8(a); <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (purpose of these pleading requirements is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (cleaned up)).

Plaintiff's amended form complaint contains only slightly more information than the original complaint. Instead of referencing only the Fourteenth Amendment, plaintiff now references both the Fourth and the Fourteenth Amendments as the basis for this court's jurisdiction. (ECF No. 4 at 4.) The amended complaint now includes text in the section for Statement of Claim, but the text does not describe what happened to plaintiff to give rise to this lawsuit. Plaintiff states she is "sent by God to get vaccine mandate removed[.] This mandate violates 14th Amendment in violating bodily integrity. Also complaint against violation of internet data privacy." (<u>Id.</u> at 5.) As her request for relief, plaintiff repeats these generalities: "Violation of 14th Amendment forcing me to get vaccine. Invading privacy on websites." (<u>Id.</u> at 6.) The amended complaint does not include any other information.

Although the amended complaint now reveals the general subjects that plaintiff wishes to challenge through this suit, it still does not describe what actually happened to plaintiff to violate her constitutional rights, nor does it state what relief plaintiff would like to obtain through this suit. For instance, plaintiff does not describe what "vaccine mandate" she is referring to, who issued such mandate, or when and where it was applied to her so as to cause her harm. This basic information is required to satisfy Rule 8, and to avoid dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2). <u>Any second amended complaint must specify what happened to plaintiff, when it happened, who was involved, how plaintiff was harmed, and what damages or other relief plaintiff is seeking through this suit.</u> Plaintiff is welcome to use additional pages to explain these details, beyond the space provided in the complaint form; however, the statement of the claim should be kept relatively "short."

### 2. *Sovereign Immunity*

The other continuing problem with the complaint is that plaintiff is seeking to sue an immune defendant: the United States. The original complaint named the "United States Federal Government" as the defendant. (ECF No. 1 at 1, 2.) The amended complaint now lists the

"United States of America" as the sole defendant. (ECF No. 4 at 1, 2, 4.) Although plaintiff uses slightly different words, she is still attempting to sue the United States for supposed constitutional violations—which, as explained in the previous order, is not allowed.

To reiterate, claims against the United States and its agencies are generally barred by the doctrine of sovereign immunity. See United States v. Mitchell, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). In order to assert a claim against the United States, the claimant "has the burden of 'demonstrating an unequivocal waiver of immunity.'" United States v. Park Place Assocs., Ltd., 563 F.3d 907, 924 (9th Cir. 2009) (quoting Cunningham v. United States, 786 F.2d 1445, 1446 (9th Cir. 1986)).

Although it is unknown what precise claim plaintiff is asserting, or what relief she seeks, plaintiff clearly invokes the Fourth and Fourteenth Amendments of the U.S. Constitution as the basis for this suit. However, "the United States has not waived its sovereign immunity in actions seeking damages for constitutional violations." Thomas–Lazear v. F.B.I., 851 F.2d 1202, 1207 (9th Cir. 1988). The same is true for actions seeking an injunction to restrain the United States or its agencies. See Midwest Growers Co-op. Corp. v. Kirkemo, 533 F.2d 455, 465 (9th Cir. 1976) ("It is well established that suits to enjoin the United States or its agencies, like damage suits, cannot be maintained unless the Government first consents."). Thus, plaintiff cannot bring a Fourth or Fourteenth Amendment claim against the United States, or against a federal agency or federal officials in their *official* capacity. See Sierra Club v. Whitman, 268 F.3d 898, 901 (9th Cir. 2001) (treating suits against federal agencies and officials in their official capacity the same as suits against the United States).

Still, plaintiff could conceivably proceed with what is known as a "Bivens" claim seeking damages against an *individual officer or employee* of the federal government, in their *individual* capacity, for deprivation of constitutional rights. See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971); F.D.I.C. v. Meyer, 510 U.S. 471, 484-86 (1994) (holding that Bivens action lies against federal agents, but not federal agencies).

///

Plaintiff will therefore be granted one more opportunity to amend the complaint to assert a cause of action <u>against a federal agent or other individual government employee—as opposed to the United States itself</u>.  Again, plaintiff is reminded that any amended complaint must assert with some degree of specificity what overt acts that individual government agent or employee engaged in, and how they harmed plaintiff.  See Fed. R. Civ. P. 8(a); <u>Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.</u>, 637 F.3d 1047, 1058 (9th Cir. 2011) (a complaint violates Rule 8 if a defendant would have difficulty understanding and responding to the complaint); <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).  In addition, plaintiff must identify what specific Fourth and Fourteenth Amendment right(s) of hers were allegedly violated.

**Leave to Amend**

In light of plaintiff's self-represented status, and because it is at least conceivable that plaintiff could allege facts to invoke this court's jurisdiction and potentially state a claim, the court grants plaintiff a final opportunity to further amend the complaint.  See <u>Lopez</u>, 203 F.3d at 1130 ("leave to amend should be granted if it appears at all possible that the plaintiff can correct the defect") (cleaned up).

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make the second amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint, and once the second amended complaint is filed, the prior complaints no longer serve any function in the case.

Finally, nothing in this order requires plaintiff to file a second amended complaint.  If plaintiff determines that she is unable to amend the complaint in compliance with the court's order, she may alternatively file a notice of voluntary dismissal of her claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

///
///
///
///

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 5) is GRANTED;
1. **Within 30 days** of this order, plaintiff shall file either:
    a. A second amended complaint addressing the defects identified in this order; or
    b. A notice of voluntary dismissal of the action; and
2. If plaintiff determines that she is unable to amend the complaint in compliance with this order, she may alternatively file a notice of voluntary dismissal of the action; and
3. Failure to timely comply with this order will result in a recommendation that the action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Dated: April 12, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

pere.0073

7