UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NYASIA PEREIRA,<br><br>  Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>  Defendant. | No.  2:22–cv–0073–KJM–KJN PS<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS<br><br>(ECF No. 9) |

Plaintiff is proceeding in this action without counsel and in forma pauperis ("IFP").[1] (ECF Nos. 5, 6.) The court found plaintiff's initial and amended complaints unsuitable for service and granted plaintiff a final opportunity to amend the complaint to state a claim. (ECF Nos. 3, 6.) Plaintiff's Second Amended Complaint ("SAC") is now before the undersigned for re-screening under 28 U.S.C. § 1915(e). (ECF No. 9.) Because the SAC does not cure the previously identified defects and plaintiff has had multiple opportunities to amend, the undersigned now recommends dismissing this case without leave to amend.

**Legal Standards**

Under the IFP statute, the court must screen the complaint and dismiss any claims that are "frivolous or malicious," fail to state a claim on which relief may be granted, or seek monetary

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21). See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

1

relief against an immune defendant. 28 U.S.C. § 1915(e)(2). Further, the federal court has an independent duty to ensure it has subject matter jurisdiction in the case. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).

Rule 8(a) of the Federal Rules of Civil Procedure requires that a pleading be "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Each allegation must be simple, concise, and direct. Fed. R. Civ. P. 8(d)(1).

A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to allege a cognizable legal theory. Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015). To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, relief cannot be granted for a claim that lacks facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986). The court is not, however, required to accept as true "conclusory [factual] allegations that are contradicted by documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations." Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).

In addition, the court must dismiss a case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). A federal district court generally has jurisdiction

over a civil action when (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a).

Pleadings by self-represented litigants are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a self-represented plaintiff proceeding IFP is ordinarily entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez, 203 F.3d 1122; Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984). Nevertheless, leave to amend need not be granted when further amendment would be futile. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

**Analysis**

Plaintiff's initial and amended complaints were rejected because (1) they contained very little description of what happened to her (that is, what injury plaintiff was seeking to redress), and (2) they named as the sole defendant the United States federal government, which is generally immune from suit by private citizens. (ECF Nos. 1, 3, 4, 6.)

The SAC provides slightly more information about plaintiff's claims, but that information confirms that this suit should be dismissed because (A) it is not clear from the minimal factual allegation how the federal government could be held liable for plaintiff's injury, and (B) even if it could be liable, the federal government is entitled to sovereign immunity.

*1. Failure to State a Claim*

The SAC contains a single paragraph of allegations asserting (1) violation of plaintiff's "bodily integrity" under the Fourteenth Amendment based on being terminated from some unspecified employment for refusing to get vaccinated for COVID-19, and (2) "violation of privacy" under the Fourth Amendment based on having her "information" shared on various online platforms. (ECF No. 9 at 5.) Plaintiff's request for relief is unclear but expresses a desire to have an unspecified "COVID-19 vaccine mandate removed." (Id. at 6.)

As plaintiff was previously informed, Federal Rule of Civil Procedure 8 requires a "short and plain statement" of both the grounds for the court's jurisdiction and the claim showing that plaintiff is entitled to relief.  Fed. R. Civ. P. 8(a); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (purpose of these pleading requirements is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (cleaned up)).

The SAC provides a few more specific factual details than the previous complaints: namely, that plaintiff was fired in January 2022 for refusing COVID-19 vaccination.  (ECF No. 9 at 5.)  However, it largely repeats the same "generalities" regarding her rights under the Fourth and Fourteenth Amendments, which the court found insufficient in the prior order.  (ECF No. 6 at 4.)  The SAC does not identify plaintiff's former employer or describe how any of the various federally issued "COVID-19 vaccine mandate[s]" caused her to lose her job.  It is unclear whether plaintiff was a federal employee, or an employee of a federal contractor (or another type of employer subject to one of the federal vaccination requirements)—or whether plaintiff was simply employed by a private entity that chose to require COVID-19 vaccination for its employees.

The court previously warned that basic information about the "mandate" and how it was applied to harm plaintiff was required to satisfy Rule 8, and to avoid dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2).  (ECF No. 6 at 4.)  However, plaintiff still does not explain the link between the federal government and the termination of her employment.  The connection between the federal government and the existence of "information" about plaintiff on the internet is even harder to understand.  Based on the two prior attempts, it does not appear that plaintiff is able to plead facts that would state a claim against the federal government or a federal official.

### 2. Sovereign Immunity

Even if plaintiff were able to plead a causal connection between the federal government and her alleged injuries, dismissal would still be required because—as explained twice before— the United States is immune from this type of suit.  (See ECF Nos. 3 at 5, and 6 at 5.)

To reiterate, claims against the United States and its agencies are generally barred by the doctrine of sovereign immunity.  See United States v. Mitchell, 463 U.S. 206, 212 (1983) ("It is

axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). In order to assert a claim against the United States, the claimant "has the burden of 'demonstrating an unequivocal waiver of immunity.'" United States v. Park Place Assocs., Ltd., 563 F.3d 907, 924 (9th Cir. 2009) (quoting Cunningham v. United States, 786 F.2d 1445, 1446 (9th Cir. 1986)).

Plaintiff states that she is "requesting a[n] unequivocal waiver" of immunity in this case (ECF No. 9 at 5), but that is not how the process works. The United States would need to have already consented to be sued by private citizens for constitutional violations; but it has not. See Thomas–Lazear v. F.B.I., 851 F.2d 1202, 1207 (9th Cir. 1988) ("[T]he United States has not waived its sovereign immunity in actions seeking damages for constitutional violations."); Midwest Growers Co-op. Corp. v. Kirkemo, 533 F.2d 455, 465 (9th Cir. 1976) ("It is well established that suits to enjoin the United States or its agencies, like damage suits, cannot be maintained unless the Government first consents."). Thus, plaintiff cannot bring a Fourth or Fourteenth Amendment claim against the United States, or against a federal agency or federal officials in their *official* capacity. See Sierra Club v. Whitman, 268 F.3d 898, 901 (9th Cir. 2001) (treating suits against federal agencies and officials in their official capacity the same as suits against the United States).

The court twice granted leave for plaintiff to amend the complaint to attempt to bring instead what is known as a "Bivens" claim seeking damages against an *individual officer or employee* of the federal government, in their *individual* capacity, for deprivation of constitutional rights. See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971); F.D.I.C. v. Meyer, 510 U.S. 471, 484-86 (1994) (holding that Bivens action lies against federal agents, but not federal agencies). (See ECF Nos. 3 at 5-6, and 6 at 5-6.) However, the SAC continues to name the United States federal government as the sole defendant. In addition, as discussed above, it is unclear what claim plaintiff might have against an individual federal official given the unknown causal connection between the various federal vaccine mandates and the alleged constitutional deprivations.

///

Because the SAC largely repleads allegations that the court already found insufficient, and fails to meaningfully incorporate the court's instructions for amendment, the undersigned recommends dismissing this case without further leave to amend.  See Cahill, 80 F.3d at 339 (no leave to amend where amendment would be futile).

## RECOMMENDATIONS

Accordingly, IT IS HEREBY RECOMMENDED that:

1. This action be DISMISSED for failure to state a claim, under 28 U.S.C. § 1915(e)(2); and

2. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  July 6, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

pere.0073